**UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | |
|---|---|
| **THE ESTATE OF D. C., a MINOR**       ) | |
|     Address: C/O/The Roth Law Firm PLLC  ) | |
|         1050 30TH ST. NW          ) | |

THE ESTATE OF D. C., a MINOR        )
    Address: C/O/The Roth Law Firm PLLC  )
        1050 30TH ST. NW        )
        Washington, DC 20007,    )
                             )    **AMENDED**
    V.                         )    **COMPLAINT**
                             )
                             )    **2020 CA 743 (TJK)**
                             )
**JP MORGAN CHASE BANK**     )
    Address: 270 Park Avenue        )
        New York, NY 10017       )
                             )
**AND**                       )
                             )
**SUNTRUST BANK**              )
    Address: 303 Peachtree Street, Northeast  )
        Atlanta Georgia 30308     )
                             )
**AND**                       )
                             )
**THE FIERBERG NATIONAL LAW GROUP** )
**PLLC**
    Address: 161 E. Front St. Suite 200    )
        Traverse City, Michigan 49684   )
                             )
**AND DOES 1- 40**                 )

<u>**AMENDED COMPLAINT**</u>

      **COMES NOW** the Plaintiff, the Estate of D. C., a Minor, by and through

undersigned counsel, the Guardian of the Estate of D.C. and makes this Complaint

against Defendants as set forth herein. In support thereof, Plaintiffs state as follows:

<u>**INTRODUCTION**</u>

    1.      This civil action is brought by the Estate of D.C., a Minor, pursuant to the UCC

and various common law actions seeking damages against Defendants and each of them. Plaintiff seeks recovery for negligence including failure to pay the original obligation to the Estate as well as the failure to properly disburse funds from a check made payable to the Minor, D.C. , and allowing, facilitating and completing the disbursement of such funds to persons other than the Minor D.C. and the Estate of D.C. resulting in the deprivation of such funds from the Estate of D.C.

2.   In 2018 Defendant, The Fierberg National Law Group PLLC (Defendant Fierberg) settled a case styled *Halmon-Daniels v Experts, Inc*., No. 15-1501, 2016 WL 4921404 (D.D.C. Sept. 15, 2016) resulting in a sum payable to D. C. a minor. On or about November 23, 2018 D.C. Superior Court created a guardian estate for D.C. and Plaintiff's counsel was appointed as the Guardian of the Estate of the Minor, D.C.

3.   On or about March 21, 2019 Defendant Fierberg dispatched through the United States mail a check made payable to D.C. and such check was placed in an envelope and mailed to the Estate of D.C. to its Guardian, Pamela H. Roth, The Roth Law Firm PLLC, 1050 30th St. NW, Washington, D.C. 20007. On information and belief the check was posted by The Fierberg National Law Group by regular mail. On or about between March 21, 2019 and April 1, 2020 that check was stolen and or misdirected to a place other than the location to which it was addressed (Pamela H. Roth, The Roth Law Firm PLLC, 1050 30th St. NW, Washington, D.C. 20007) by persons not yet known. On or about April 1, 2019 Defendant SunTrust Bank and JP Morgan Chase Bank dba Chase

Bank (Chase Bank) disbursed such funds to person or persons other than D.C. , its Estate or its Guardian. Attempts to resolve this matter have failed and this lawsuit has been filed to recoup such funds for the Estate of D.C. On or about April 16, 2019 the Estate filed claims with SunTrust Bank and Chase Bank, which were denied. On April 7, 2020 after this original suit was filed, Defendant Fierberg received a Final Denial letter from Defendant Chase Bank. On April 14, 2020 Defendant Fierberg emailed that Final Denial Letter to Plaintiff. On April 15, 2020 Defendant Fierberg advised Plaintiff that it would not take any action on the theft of the check nor the denial of reimbursement by Defendant Chase Bank.

4.      On or about April 2019 United States Postal Service (USPS) undertook an investigation into the theft and misdirection of the mail and check and the matter is also being investigated by the United States Attorney in the District of Maryland. Allegedly the mail containing the check was sent through the United States Postal Service and was either stolen or negligently misdirected and delivered to some person(s) other than the addressee.  Neither investigative office will provide any information to the Estate of D.C. concerning the facts surrounding the theft and misdirection of the mail and the check and the disbursement of funds from the negotiation of the check nor will either office provide the identity of any person or entity under investigation for these intentional and negligent acts.

5.      On information and belief, the USPS investigation revealed that there was a "ring" of persons involved in the theft of the check allegedly of about 12

persons in size. The USPS would not reveal whether any of the persons involved are or were employees of the USPS or their identity otherwise. The United States Attorney Office in Maryland continues to investigate the case which was originally believed to be ready for indictment in the fall of 2019. No indictment has yet occurred. The COVAD-19 pandemic has further delayed any indictment related to the allegations of theft of the check and funds. As of July 2020 that office had no further information to provide to Plaintiff.

6. On October 18, 2019 the Estate of D.C. filed a claim with the USPS which was denied on November 27, 2019. Defendant Fierberg filed a claim with Chase Bank, the payor bank, on behalf of Plaintiff, which was submitted by Chase Bank to SunTrust Bank, the receiving/depositing bank, and that claim was finally denied on April 3, 2020.  This lawsuit is filed pursuant to the UCC and common law.

7. Plaintiff attempted to obtain information concerning the presentment and negotiation of the stolen check from both Defendants Chase Bank and Sun Trust Bank with limited success. On September 25, 2019 and December 9, 2019 Plaintiff wrote to Defendant Chase Bank enclosing a subpoena each time requesting all "records on the investigation of this matter as well as all information and documents, digital, paper or otherwise concerning the cashing/deposit of this stolen check."  Plaintiff received a response January 17, 2020 which provided limited information. Plaintiff wrote to Defendant Sun Trust Bank on September 25, 2019 and also enclosed a subpoena requesting the same information as that requested of Defendant Chase Bank. In response

to that subpoena, Plaintiff was contacted via email on October 30, 2019 by an
attorney representing Sun Trust, Reza Mohsin. Plaintiff responded to him on
that same day and they scheduled a telephone call for that day which was
completed. On November 9, 2019 Plaintiff wrote a letter to Mr. Mohsin to
again request a response to the subpoena.  Mr. Mohsin emailed a response to
Plaintiff on November 15, 2019 that he would follow up with the U.S.
Attorney investigating the related criminal activity and with Sun Trust about
the investigation. On December 10, 2019, January 7, 2020 and March 13, 2020
Plaintiff emailed Mr. Mohsin again trying to obtain a response to the subpoena
that had been served. On March 13, 2020 Mr. Mohsin responded that he was
waiting to hear from the U.S. Attorney.  On March 14, 2020 and April 15,
2020 Plaintiff emailed Mr. Mohsin again to try to obtain service of process
information for service of the complaint on Defendant Sun Trust Bank. No
response to the subpoena was ever received. No response to the March 14,
2020 and April 15, 2020 emails was received.

## JURISDICTION AND VENUE

8.     This court has subject matter jurisdiction over this action because of diversity
of citizenship pursuant to 28 U.SC. Section 1332. Defendants are also subject
to the jurisdiction of this court based on common law.

9.     The court has personal jurisdiction over the parties in that the Estate of D.C. is
a legal person/entity created by the District of Columbia Superior Court for the

purpose of controlling funds dispersed and to be dispersed to the minor D.C.

10.     Defendant J. P. Morgan Chase Bank N.A. dba Chase Bank is a legal entity

domiciled in New York State.   Defendant SunTrust Bank is a legal entity

domiciled in the State of Georgia. Both banks are legal entities doing business

and licensed to do business in the District of Columbia and each of them and

their agents are subject to the jurisdiction of the District of Columbia.

Defendant Fierberg is a law firm doing business and licensed to do business in

the District of Columbia.

11.     DOES 1-40 are or otherwise legally subject to the jurisdiction of this court.

12.      Venue is proper in this court because Plaintiff is a legal person/entity of the

District of Columbia and Defendants are licensed to or otherwise do business

in the District of Columbia; are employees of such businesses.


**<u>THE PARTIES</u>**

13.     Plaintiff the Estate of D.C., a Minor is a person/entity created by the District of

Columbia Superior Court on November 23, 2018 for the purpose of controlling

funds dispersed and to be dispersed to the minor. On that same date Plaintiff's

counsel was appointed as the Guardian of the Estate.

14.     Defendant Chase Bank is a legal entity doing business and licensed to do

business in the District of Columbia and it has appointed agents for service of

process and is subject to the jurisdiction of this court.

15.     Defendant SunTrust Bank is a legal entity doing business and licensed to do

business in the District of Columbia and it has appointed agents for service of

process and is subject to the jurisdiction of this court.

16.    Defendant Fierberg is a legal entity doing business and licensed to do business in the District of Columbia and has appointed agents for service of process and is subject to the jurisdiction of this court.

17.    Upon information and belief, Plaintiff states that the pending criminal investigation and discovery in this matter should reveal that certain other persons, employees or organizations, or companies were negligent at times relevant herein and responsible for Plaintiff's injuries. DOES 1-40 represent these other persons and entities that were involved in the theft and/or presentment and negotiation of the stolen check as well as other unknown persons involved in this matter.

## **STATEMENT OF FACTS**

18.    Common law allows for the filing of a lawsuit based upon fraud, negligence, and all matters relevant to this lawsuit within three years from the date of injury.

19.    On November 23, 2018 Plaintiff's counsel was appointed Guardian of the Estate of the Minor D. C. The guardianship was necessitated by a settlement of a civil matter styled *Halmon-Daniels v The Experts et. al.*, No. 15-1501, 2016 WL 4921404 (D.D.C. Sept. 15, 2016). D. C. is one of several children of the deceased Arthur Lee Daniels Sr., entitled to a share of the settlement. Defendant Fierberg represented the plaintiffs in that lawsuit.

20.    The settlement check in the amount of $55,703.36 was made payable to D.C.

and it was represented by Defendant Fierberg that on March 21, 2019 the check was sent via regular mail to The Roth Law Firm and addressed to The Roth Law Firm PLLC, 1050 30th St. NW, Washington, D.C. 20007 for the benefit of the Estate of D.C. The check was written on the Defendant Fierberg IOLTA account at Defendant Chase Bank. The check never arrived at the office of The Roth Law Firm. On or about April 1, 2019 the check was negotiated by Defendant SunTrust Bank (allegedly in State of Maryland) and the funds released by both Defendant SunTrust Bank and Defendant Chase Bank to someone other than the payee D.C.

21.    On or about April 16, 2019 Plaintiff submitted a claim through Defendant Fierberg to Defendant Chase Bank which then submitted the claim to Defendant SunTrust Bank. Defendant Chase Bank sent a claim to SunTrust Bank for reimbursement of the check that contained a forged signature and requested evidence that that payment by SunTrust was proper.  Follow up letters were sent by Defendant Chase Bank on July 1, 2019 and September 11, 2019. Apparently however, by letter dated April 24, 2019 SunTrust had already denied the claim. Plaintiff was not advised of the first denial by SunTrust until September 17, 2019 when it was notified by Defendant Fierberg. The notice of the denial of the claim was sent via a letter dated September 11, 2019 from Defendant Chase Bank mailed to Defendant Fierberg.  On information and belief Defendant Fierberg may have had communication with Defendant Chase Bank after the initial claim was submitted including sometime in January 2020 to provide further information about the claim. On April 7, 2020 Defendant Chase Bank sent to Defendant Fierberg a final denial of the claim for the stolen funds. On April 14,

2020 Defendant Fierberg emailed that April 7, 2020 to Plaintiff. On April 15, 2020 Defendant Fierberg stated no intention to take any further action against Defendant Chase or otherwise on behalf of D.C.  As of the date of this filing Defendant Fierberg has not paid the settlement funds to the Plaintiff.

22.    Although Defendant SunTrust Bank claimed that it performed some investigation ostensibly for purposes of denying the submitted claim, repeated attempts by subpoena and otherwise by Plaintiff  to obtain all documents and other evidence of the transaction involving the presentment of the check and its payment as well as the investigation undertaken by Defendant SunTrust Bank have not been successful. This refusal has hampered Plaintiff's investigation of the case and continues to do so. Plaintiff has not been able to obtain investigative information from the USPS and United States Attorney's Office as the matter is still under investigation and confidential, and Defendant SunTrust has refused to respond to a subpoena that would provide relevant information about the nature of the theft and cashing of the stolen check and the identity of the involved persons (including whether bank employees were involved in the theft and/or conversion or violated the bank's own procedures for presentment and negotiation of a check or were otherwise  negligent).

23.    Both Defendants Chase Bank and SunTrust Bank denied the claim by Plaintiff for reimbursement of the funds. In its denial letter Defendant SunTrust stated the relevant law is that "if a person paying the instrument or taking it for value or collection fails to exercise ordinary care in paying or taking the instrument and that failure substantially contributes to loss resulting from the payment of the

instrument, the person bearing the loss may recover from the person failing to exercise ordinary care to the extent the failure to exercise ordinary care contributed to the loss." Further, any defense to the collection and negotiation of the check requires good faith on the part of the involved banks. On information and belief Defendant SunTrust did not obtain any valid evidence of proof of identification presented by the person who endorsed the check nor did it take necessary precautions in confirming that person's identity and right to the proceeds from the check. Plaintiff alleges that these Defendants and each of them failed to exercise ordinary care and good faith in determining that the presenter of the check had authority to cash or deposit the check and was in fact the payee. The person who cashed or deposited the check was not D.C. and not entitled to the proceeds of the check and did not present genuine identification that entitled him to those proceeds. On information and belief Defendant Sun Trust Bank did not follow its own procedures in accepting the identification presented and accepting the check for collection and payment.

24.   In its Final Denial letter Defendant Chase Bank stated the claim against it was denied and that it had submitted the claim to Defendant SunTrust Bank and Defendant Sun Trust Bank had also denied the claim. That Defendant Sun Trust Bank had denied the claim relying on UCC Section 3-404. UCC Section 3-404 as cited by the Defendant banks allow for an exception of liability only upon a negotiation based on good faith and not involving negligence om their behalf. The allegations are that the Defendant banks and each of them acted without good faith in accepting the fraudulent endorsement and cashing the stolen check.

Further facts surrounding the theft and negotiation of the check and the process utilized by each Defendant bank in accepting and negotiating the check have been concealed by Defendant SunTrust Bank by refusing to comply with a valid subpoena and repeated requests for all documents and evidence related to the presentment and negotiation of the check.

25.    On October 18, 2019 a tort claim was filed with the United States Postal Service. It was denied by letter dated November 27, 2019.

26.    The person(s) who negotiated the check made payable to D.C. was not D.C. and not entitled to the funds. Defendants SunTrust and Chase Bank had or should have had procedures in place to ensure that payment of the check not occur to someone other than D.C. The signature on the check was fraudulent and a forgery and Plaintiff was deprived of the funds.

27.    DOES 1-40 are persons/entities yet unknown who were involved in the fraudulent or negligent  mis-direction of the mail containing the check and/or fraudulent or negligent payment of the check, theft, use and conversion of the funds.

28.    Plaintiff attempted to obtain information concerning the presentment and negotiation of the stolen check from both Defendants Chase Bank and Sun Trust Bank with limited success. On September 25, 2019 and December 9, 2019 Plaintiff wrote to Defendant Chase Bank enclosing a subpoena each time requesting all "records on the investigation of this matter as well as all information and documents, digital, paper or otherwise concerning the cashing/deposit of this stolen check."  Plaintiff received a response on January

17, 2020 which provided limited information. On September 25, 2019 Plaintiff wrote to Defendant Sun Trust Bank and also enclosed a subpoena requesting the same documents requested of Defendant Chase Bank. On October 30, 2019 in response to that subpoena, Plaintiff was contacted via email by an attorney representing Sun Trust, Reza Mohsin. Plaintiff responded to him on that same day and they scheduled a telephone call for that day which was completed. On November 9, 2019 Plaintiff wrote a letter to Mr. Mohsin again requesting a response to the subpoena.  On November 15,  2019 Mr. Mohsin emailed a response to Plaintiff that he would follow up with the U.S. Attorney investigating the related criminal activity and with Sun Trust about the investigation. On December 10, 2019, January 7, 2020 and March 13, 2020 Plaintiff emailed Mr. Mohsin again trying to obtain a response to the subpoena that had been served. On March 13, 2020 Mr. Mohsin responded that he was waiting to hear from the U.S. Attorney.  On March 14, 2020 and April 15, 2020 Plaintiff emailed Mr. Mohsin again to try to obtain service of process information for service of the complaint on Defendant Sun Trust Bank. No response to the subpoena was ever received. No response to the March 14, 2020 and April 15, 2020 emails was received.

## COUNT 1

### INTENTIONAL ACTS OF THEFT AND CONVERSION AND FRAUD AGAINST DEFENDANTS DOES 1-20

29.   Plaintiff realleges and incorporates by reference as though fully set forth herein paragraphs 1 through 28, above inclusive.   Plaintiff alleges that DOES 1-20

intentionally and fraudulently negotiated the check in the amount of $55,703.36 made payable to D.C. and fraudulently use, consumed and converted the proceeds of such check to their own use, depriving Plaintiff of these funds.

30.    DOES 1-20 are liable to Plaintiff for the stolen funds in the amount of $55,703.36 due to their intentional actions of stealing and/or negotiating the check intended for the Plaintiff and made payable to the Minor, D.C.

31.    Plaintiff's full investigation of the facts surrounding the theft of the check and its fraudulent conversion have been impeded by the refusal of Defendant Sun Trust to respond to repeated requests including by subpoena for all evidence related to the presentment and negotiation of the stolen check and by the pending criminal investigation by the United States Attorney's Office in the State of Maryland.

## COUNT II

### OBLIGATION TO PAY SETTLEMENT OWED TO PLAINTIFF AGAINST DEFENDANT FIERBERG

32.    Plaintiff realleges and incorporates by reference as though fully set forth herein paragraphs 1 through 31, above inclusive.

33.    Defendant Fierberg acknowledged that a sum of $55,703.36 is owed to Plaintiff. Those proceeds were due from settlement of the lawsuit styled *Halmon-Daniels v Experts*, Inc.,  No. 15-1501, 2016 WL 4921404 (D.D.C. Sept. 15, 2016). The check that Defendant Fierberg mailed was stolen and the funds never received by D.C. or Plaintiff, the Estate of D.C., or the guardian of

the estate. Defendant Fierberg submitted a claim to Defendant Chase for the theft of those funds, however, that claim was finally denied on April 7, 2020. On April 14, 2020 Defendant Feirberg emailed that Final Denial letter to Plaintiff. On April 15, 2020 Defendant Fierberg stated through Doug Fierberg that it would take no further action against Defendant Chase Bank to obtain the stolen funds. As of the date of this filing, Defendant Fierberg has not paid the settlement funds to D.C. or Plaintiff, or the guardian of the estate of D.C.

34.   The obligation to pay the settlement funds to D.C. still exists. Defendant Fierberg has not satisfied payment of those funds as D.C. nor his estate has received those funds. Further, as of the filing of this amended complaint Defendant Fierberg has not taken and had refused to take any legal action against Defendant Chase Bank or Defendant SunTrust Bank to obtain those funds on behalf of D.C.

35.   Defendant Chase Bank and Defendant SunTrust Bank claim that Defendant Fierberg is responsible to pay the funds to D.C. that were stolen and that Defendant Fierberg must seek reimbursement against them  as the payor of the check; that D.C. nor his estate can do so.


## COUNT III

### NEGLIGENCE  AGAINST DEFENDANTS CHASE BANK AND SUNTRUST BANK, AND DOES 21 - 30

36.    Plaintiff realleges and incorporates by reference as though fully set forth herein paragraphs 1 through 35, above inclusive.

37.   Defendant Chase Bank, its agents, employees, representatives,

independent contractors, and/or servants and DOES 21-30 were negligent in disbursing the funds under the check made payable to D.C .to persons other than D.C. Defendant Chase Bank had and on information and belief it is alleged that Defendant Chase Bank did not follow its own procedures for negotiation of such check or did not have procedures in place that it should have had to ensure that the fraudulent negotiation of such check not occur.

38.    Defendant SunTrust Bank, its agents, employees, representatives, independent contractors, and/or servants and DOES 21-30 were negligent in disbursing the funds under the check made payable to D.C to persons other than D.C. On information and belief it is alleged that Defendant SunTrust Bank had and did not follow its own procedures for negotiation of such check or did not have procedures in place that it should have had to ensure that the fraudulent negotiation of such check not occur. Defendant SunTrust Bank has repeatedly refused to comply with requests and a subpoena issued for all evidence related to the presentment and negotiation of the stolen check hampering Plaintiff's investigation of the theft, presentment and negotiation of the check and potentially concealing facts supporting Defendant SunTrust Bank's lack of good faith and negligence in accepting the stolen check for negotiation and negotiating said check.

39.    Due to the negligence of each Defendant named in this Count Plaintiff was deprived of funds belonging to it in the amount of $55,703.36 and injured in the amount of the check plus interest and attorney fees and costs related to obtaining the funds.

40.     On information and belief neither SunTrust Bank nor Chase Bank confirmed the legitimacy of the check holder nor the identification of the negotiator(s). Fraudulent Identification was presented to negotiate the check and both Defendants Chase Bank and SunTrust Bank were negligent in accepting such fraudulent identification.

41.     At all times relevant herein, the Defendants themselves and each of them, and through their agents, servants and employees, represented to the general public that they possessed the degree of knowledge, ability and skill possessed by reasonable competent providers of banking service to ensure that such injury not occur.

42.     At all times relevant herein, Defendants and each of them, their staff, employees and contractors by themselves and as employees or agents of Defendants and each of them acted in the scope of their employment.

43.     The Defendants and each of them, their agents, employees, representatives, independent contractors, and/or servants owed to Plaintiff a duty to conform their care to the standards of reasonably prudent  practitioners acting under similar circumstances.

44.     As a direct and proximate result of the negligence of the Defendants and each of them, their agents, employees, representatives, independent contractors, and/or servants Plaintiff suffered economic injury and the loss of the face amount of the check in the amount of $55,703.36 plus interest, as well as attorneys' fees and costs.

## COUNT IV

### NEGLIGENCE AGAINST DEFENDANT FIERBERG
### AND DOES 31-35

45.    Plaintiff realleges and incorporates by reference as though fully set forth

herein paragraphs 1 through 44, above inclusive.

46.    Defendant Fierberg, its agents, employees, representatives,

independent contractors, and/or servants AND DOES 31-35 were negligent in

mailing the check to Plaintiff regular mail and not insuring the check. The

check was stolen and on information and belief its theft could not be traced due

to the lack of insurance and the use of regular mail as opposed to certified or

registered mail through the USPS. Further facts related to the theft of the check

should be uncovered through discovery in this matter and the pending criminal

investigation.

47.    Defendant Fierberg initiated a claim through Chase Bank for the stolen funds,

however, as of April 15, 2020 after receipt of the Final Denial letter from

Defendant Chase Bank it has stated an intention not to pursue further action

against Defendants Chase Bank or SunTrust Bank, stating that it is Plaintiff's

responsibility to further pursue the claims against both banks. Both Defendants

Chase Bank and SunTrust Bank deny Plaintiff's standing to sue on the claim

for the stolen funds and such position has been transmitted to Defendant

Fierberg.

48.    Defendant Fierberg has an obligation to pursue the claim for the stolen funds

on behalf of D.C. and has stated am intention not to do so.

49.    The Defendants and each of them, their agents, employees, representatives,

independent contractors, and/or servants owed to Plaintiff a duty to conform their care to the standards of reasonably prudent practitioners acting under similar circumstances.

50.     As a direct and proximate result of the negligence of the Defendants and each of them, their agents, employees, representatives, independent contractors, and/or servants Plaintiff suffered economic injury and the loss of the face amount of the check in the amount of $55,703.36 plus interest, as well as attorneys' fees and costs.


### COUNT V
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS CHASE BANK AND SUNTRUST BANK AND FIERBERG AND DOES 35-40

51.     Plaintiff realleges and incorporates by reference as though fully set forth herein paragraphs 1 through 50, above inclusive.

52.     Defendants SunTrust Bank and Chase Bank and DOES 35-40 and each of them, their agents, employees, representatives, independent contractors, and/or servants were negligent in that they each had a contractual, fiduciary, regulatory, statutory and common law obligation to ensure that the check made payable to Plaintiff ensure was not fraudulently negotiated and converted to the use of another. These obligations gave rise to a special relationship between the Plaintiff and each Defendant. Plaintiff's emotional well-being was implicated by the nature of each Defendant's undertaking.

53.     On information and belief Defendant SunTrust did not obtain any or proper evidence of proof of identification presented by the person who endorsed the

check nor did it take necessary  precautions in confirming that person's identity and right to the proceeds from the check. Plaintiff alleges that Defendants SunTrust Bank and Chase Bank and DOES 35-40 and each of them failed to exercise ordinary care and good faith in determining that the presenter of the check had authority to cash or deposit the check and was in fact the payee. The person who cashed or deposited the check was not D.C. and not entitled to the proceeds of the check and did not present genuine identification that entitled him to those proceeds.

54.     Defendants and each of them identified in this Count breached their duty to Plaintiff by failing to provide the requisite care to Plaintiff related to the presentment and negotiation of the check, its ultimate payment to someone other than D.C. and conversion of the funds.

55.     Defendant Chase Bank further engaged in negligent action by Chase Bank performing a cursory investigation of the theft of the funds due D.C. and denying the claim without good cause.

56.     Defendant Sun Trust Bank further engaged in negligent action by either failing to fully investigate the theft of the funds and/or repeatedly refusing to comply with a legally issued subpoena for their investigation concerning the theft and by denying the claim without good cause. On information and belief the failure to investigate and/or refusal to comply with subpoenas may have been directed to conceal information from Plaintiff and/or hamper the investigation into the theft and conversion of the check.

57.     Defendant Fierberg has failed to pay the settlement funds due to the Plaintiff

and refused to pursue legal action against Defendant Chase Bank and

Defendant SunTrust Bank on behalf of Plaintiff.

58.    It was foreseeable that each Defendant's negligence would cause serious

emotional distress to the Plaintiff based on the circumstances stated herein.

59.    The negligent actions and omissions of Defendants and each of them in breach

of their obligations caused serious emotional distress to the Plaintiff.

60.    Plaintiff has suffered and will continue to suffer severe and substantial

damages as a consequence of each Defendant's negligence described herein.


**COUNT VI**
**VIOLATION OF UCC Sections 4-401, 3- 404, 3- 405, and 3- 406**
**AGAINST DEFENDANTS CHASE BANK AND SUNTRUST BANK**
**AND DOES 35-40**

61.    Plaintiff realleges and incorporates by reference as though fully set forth herein

paragraphs 1 through 60, above inclusive.

62.    Defendants and each of them, their agents, employees, representatives,

independent contractors, and/or servants had obligations to Plaintiff not to

negotiate a fraudulent check and under UCC-4-401, 3-404, 3-405, and 3-406

and  have an obligation to make good on the funds disbursed pursuant to a

forged signature. Defendant SunTrust Bank refused to reimburse the funds to

Defendant Chase Bank, Defendant Fierberg or Plaintiff, thereby depriving

Plaintiff of the funds.  Defendant Chase Bank also refused to reimburse the

funds to Defendant Fierberg or Plaintiff. Defendants and each of them failed to

exercise ordinary care and good faith. On information and belief Defendant

SunTrust either did not obtain any evidence of proof of identification or valid proof of identification from the person who endorsed the check nor did it take necessary precautions in confirming that person's identity and right to the proceeds from the check. Plaintiff alleges that Defendants and each of them failed to exercise ordinary care and good faith in determining that the presenter of the check had authority to cash or deposit the check and was in fact the payee. The person who cashed or deposited the check was not D.C. and not entitled to the proceeds of the check and did not present genuine identification that entitled him to those proceeds.

63.     As a direct and proximate result of the actions and inactions of Defendants and each of them and their agents, employees, representatives, independent contractors, and/or servants Plaintiff suffered a monetary loss in the amount of $55,703.36 plus interest, as well as attorneys' fees and costs.


**COUNT VII**
**VIOLATION OF UCC Sections 3-417 AND 4-208, AGAINST**
**DEFENDANTS SUNTRUST BANK AND CHASE BANK**
**AND DOES 35-40**

64.     Plaintiff realleges and incorporates by reference as though fully set forth herein paragraphs 1 through 63, above inclusive.

65.     Defendants and each of them, their agents, employees, representatives, independent contractors, and/or servants had obligations to Plaintiff not to negotiate a fraudulent check and violated UCC Sections 3-417 and 4-208 for

breach of presentment warranties.

66.     On April 16, 2019 Defendant Chase Bank sent a claim to Defendant SunTrust

Bank for reimbursement of the check that contained a forged signature and

requested evidence that that payment by Defendant SunTrust was proper.

Follow up letters were sent on July 1, 2019 and September 11, 2019. On April

24, 2019  a letter was sent from Defendant SunTrust to Defendant Chase Bank

which was not provided to Plaintiff until September 17, 2019. In that letter

Defendant SunTrust Bank denied the claim with no explanation as to its

investigation into the theft. Defendant SunTrust Bank appears to have based its

denial on questions about the transmission of the check that could have easily

been answered had Defendant Sun Trust Bank and Defendant Chase Bank

performed a competent investigation of the matter. Sometime thereafter the

investigation was re-opened and a Final Denial Letter sent by SunTrust Bank

to Chase Bank on April 3, 2020 and on April 7, 2020 that letter was transmitted

from Defendant Chase Bank to Defendant Fierberg. Defendant SunTrust stated

in its denial letters that the law is "if a person paying the instrument or taking it

for value or collection fails to exercise ordinary care in paying or taking the

instrument and that failure substantially contributes to loss resulting from the

payment of the instrument, the person bearing the loss may recover  from the

person failing to exercise ordinary care to the extent the failure to exercise

ordinary care contributed to the loss." Further, their letters state that any

defense to the collection and negotiation of the check requires good faith on the

part of the involved banks. On information and belief Defendant SunTrust

Bank did not obtain any evidence of proof of identification or valid evidence of proof of identification by the person who endorsed the check nor did it take necessary precautions in confirming that person's identity and right to the proceeds from the check. Plaintiff alleges that Defendants and each of them failed to exercise ordinary care and good faith in determining that the presenter of the check had authority to cash or deposit the check and was in fact the payee. The person who cashed or deposited the check was not D.C. and not entitled to the proceeds of the check and did not present genuine identification that entitled him to those proceeds. On information and belief it is further alleged that neither Defendant Chase Bank nor Defendant Sun Trust Bank followed their own regulations, policies and procedures for accepting and negotiating a check presented for payment.

67.     As a direct and proximate result of the actions and inactions of Defendants and each of them and their agents, employees, representatives, independent contractors, and/or servants Plaintiff suffered a monetary loss in the amount of $55,703.36 plus interest, as well as attorneys' fees and costs.

## COUNT VIII
### CONVERSION AND STRICT LIABILITY FOR PAYMENT OF UNAUTHORIZED ITEMS PURSUANT TO UCC SECTIONS AGAINST DEFENDANTS CHASE BANK AND SUNTRUST BANK AND DOES 35-40

68.     Plaintiff realleges and incorporates by reference as though fully set forth herein paragraphs 1 through 67, above inclusive.

69.    Defendants and each of them, their agents, employees, representatives, independent contractors, and/or servants had obligations to Plaintiff not to negotiate a fraudulent check and under UCC-4-401, 3-403, 3-404, 3-405, and 3-406 and 3-420 and have an obligation to make good on the funds disbursed pursuant to a forged signature. Defendant SunTrust Bank refused to reimburse the funds to Defendant Chase Bank, Defendant Fierberg or Plaintiff, thereby depriving Plaintiff of the funds.  Defendant Chase Bank also refused to reimburse the funds to Defendant Fierberg or Plaintiff. Defendants and each of them failed to exercise ordinary care and good faith.

70.    As a direct and proximate result of the actions and inactions of Defendants and each of them and their agents, employees, representatives, independent contractors, and/or servants Plaintiff suffered a monetary loss in the amount of $55,703.36 plus interest, as well as attorneys' fees and costs.

## COUNT IX

## SPECIFIC PERFORMANCE AGAINST DEFENDANT FIERBERG

71.    Plaintiff realleges and incorporates by reference as though fully set forth herein paragraphs 1 through 70, above inclusive.

72.    Defendant Fierberg has not paid the settlement funds to Plaintiff that are due by the terms of the settlement in *Halmon-Daniels, id.*  Defendant Fierberg should be directed to pay the settlement funds as specific performance of its obligation to Plaintiff under its representation as plaintiff's counsel in that matter.

73.     Further, Defendant Fierberg has an obligation to pursue legal action against Defendants Chase and Sun Trust for the stolen funds and has failed to take action. That failure is to the detriment of Plaintiff, unless and until Defendant Fierberg pays the settlement funds of $55, 703.36 to Plaintiff.

74.     Accordingly, Defendant Fierberg should be directed to pursue legal action against Defendant Chase Bank and Defendant SunTrust Bank unless and until it pays the Plaintiff the sum due under the settlement, $55, 703.36.

75.     As a direct and proximate result of the inactions of Defendant Fierberg and its agents, employees, representatives, independent contractors, and/or servants Plaintiff suffered a monetary loss in the amount of $55,703.36 plus interest, as well as attorneys' fees and costs.

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

PRAYER FOR RELIEF

WHEREFORE. Plaintiffs respectfully request the Court to:

(a) enter judgment in favor of the Plaintiffs and against Defendants jointly and severally on all counts of the Complaint;

(b) declare that Defendants have violated the laws as set forth herein;

(c) award Plaintiff damages including compensatory damages in the amount of $ 150,00.00against Defendants jointly and severally;

(d) award Plaintiff costs of suit including reasonable attorneys' fees; and

(e) award the Plaintiff such other and further relief as the Court deems just under the circumstances.

Dated: July 28, 2020

Respectfully Submitted,

*Pamela H. Roth, Esq.*
_____
The Roth Law Firm PLLC
By: Pamela H. Roth
Bar No. 397479
1050 30th St. N.W.
Washington, D.C. 20007
(202) 445-4861 – Office
(202) 667-3396 – Fax
lawproth@gmail.com