UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF D.C., <br><br> *Plaintiff*, <br><br> v. <br><br> JP MORGAN CHASE BANK, NA et al., <br><br> *Defendants*. | Civil Action No. 20-743 (TJK) |

## MEMORANDUM ORDER

Plaintiff is a guardianship estate created to hold funds for a minor. ECF No. 32 (Compl.) ¶¶ 1–2. It alleges that it was supposed to receive a check for $55,703.36 from a law firm, one of the Defendants. Compl. ¶¶ 17–18. Plaintiff says the law firm sent the check, but it never arrived because it was stolen and cashed by the thief. *See* Compl. ¶¶ 18–26. The remaining two Defendants are banks involved in that transaction. *See* Compl. ¶¶ 9, 18, 26. Having never received the funds to which it claims entitlement, Plaintiff sued the law firm and both banks, alleging breaches of various common-law and state-statutory duties. *See generally* Compl. ¶¶ 27–78. Defendants have moved to dismiss for failure to state a claim. *See* ECF Nos. 33, 35.

Although no party contests this Court's subject-matter jurisdiction, the Court must question it sua sponte. *Doe ex rel. Fein v. District of Columbia*, 93 F.3d 861, 871 (D.C. Cir. 1996). Federal courts have "limited jurisdiction." *Friends of Animals v. Pruitt*, 258 F. Supp. 3d 91, 93 (D.D.C. 2017). They must presume "that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). And the party invoking its jurisdiction—Plaintiff here—has the burden to show otherwise. *Id.*; *see also Wendland v. Gutierrez*, 580 F. Supp. 2d 151, 152 n.1 (D.D.C. 2008).

Plaintiff says the Court has diversity jurisdiction. Compl. ¶ 7. Federal diversity jurisdiction has two elements. The first is complete diversity of citizenship between the parties, as defined by 28 U.S.C. § 1332(a)(1)–(4). The Court has already ordered Plaintiff to show cause why its case should not be dismissed for failure to allege complete diversity, permitted an amended complaint in response to that order, and ordered Defendants to describe their state citizenship in affidavits. *See* Min. Order of June 8, 2022; Min. Order of July 8, 2022; ECF Nos. 29–32. The second element, which has not been litigated so far, is that the amount "in controversy exceeds . . . $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). In this context, Plaintiff's burden to establish subject-matter jurisdiction includes the "burden to establish with evidence 'that it does not appear to a legal certainty that the claim is for less than the jurisdictional amount.'" *Griffith v. EduCap, Inc.*, No. 16-CV-1541 (DLF), 2019 WL 4737064, at *2 (D.D.C. Sept. 27, 2019) (quoting *Payne v. Gov't of D.C.*, 559 F.2d 809, 820 & n.59 (D.C. Cir. 1977)). And that burden may be triggered "by the court sua sponte." *Id.* (quoting *Payne*, 559 F.2d at 820).

Plaintiff has not satisfied its burden concerning the amount-in-controversy requirement. The amount of financial harm it claims to have suffered is both certain—$55,703.36—and well short of $75,000. *See* Compl. ¶¶ 18, 27–28, 34, 36, 42, 47, 53, 66, 70, 73, 76–78. Its complaint hints at three reasons why its total claim might exceed $75,000, but none of those reasons are adequately pleaded.

The first possible reason is that the operative complaint's prayer for relief asks for "compensatory damages in the amount of $150,00.00against [*sic*] Defendants jointly and severally." Compl. at 29.[1] But that figure is not explained. And "a bare-bones assertion of jurisdictional sufficiency" is inadequate; Plaintiff must allege some facts supporting its damage calculation.

---

[1] The Court assumes that Plaintiff intended to request $150,000.

2

*Bronner ex rel. Am. Studies Ass'n v. Duggan*, 962 F.3d 596, 610 (D.C. Cir. 2020). Moreover, if the $150,000 figure reflects Plaintiff's attempt to hold all three Defendants "jointly and severally" liable by multiplying its damages by three, it is improper. *See* Compl. at 29. Joint and several liability allows a wronged party to recover for the *same* harm against any of multiple wrongdoers. *See Hill v. McDonald*, 442 A.2d 133, 137 & n.3 (D.C. 1982). Plaintiff may not recover more than once for that same harm. *See Saunders v. Hudgens*, 184 A.3d 345, 350 (D.C. 2018). For those reasons, the unexplained $150,000 claim does not establish this Court's jurisdiction.

The second possible reason is that Plaintiff requests attorney's fees. *See* Compl. ¶¶ 34, 47, 53, 66, 73, 78; *id.* at 29. But such fees "are generally not included in the amount in controversy, unless provided for by statute or contract." *Wexler v. United Air Lines, Inc.*, 496 F. Supp. 2d 150, 154 (D.D.C. 2007). Plaintiff alleges no contract and cites no statutory provision for attorney's fees. The only statute that the complaint mentions at all is the District of Columbia's adoption of the Uniform Commercial Code, which contains no provision for attorney's fees. *See generally* D.C. Code § 28:3-101 *et seq.* Anyway, the mere availability of attorney's fees would not be enough. To include those in an amount-in-controversy calculation, a plaintiff must provide something more than conjecture, speculation, or a bare assertion. *See Inst. for Truth in Mktg. v. Total Health Network Corp.*, 321 F. Supp. 3d 76, 90–91 (D.D.C. 2018). The Court has nearly a $20,000 gap to fill before it can conclude that it has jurisdiction, and Plaintiff has not even asserted that its attorney's fees could fill that gap, let alone provided a basis for the Court to so conclude. For those reasons, the requests for attorney's fees do not establish this Court's jurisdiction.

The third possible reason is that one of Plaintiff's claims—for negligent infliction of emotional distress—seeks unquantified damages for "serious emotional distress to the Plaintiff." Compl. ¶ 62. But again, an unquantified, unexplained assertion will not do. A plaintiff hoping to

3

use emotional harm as a ticket to federal court must "explain *how* [it] has suffered" that harm. *Symkowicz v. Frisch*, No. 19-CV-3329 (BAH), 2020 WL 4432240, at *6 (D.D.C. July 31, 2020) (quoting *Bronner*, 962 F.3d at 610) (alteration adopted). A statement that the plaintiff has suffered emotional injury is a description only of the "*type*[ ] of harm," and so does not meet the plaintiff's burden. *Id.* (quotation omitted). That is all Plaintiff says. *See* Compl. ¶¶ 61–63. And again, the complaint fails even to assert that the claimed emotional damages could close the $20,000 gap. Thus, the request for emotional damages does not establish this Court's jurisdiction either.

For all these reasons, Plaintiff's complaint does not meet its burden, so the Court lacks subject-matter jurisdiction. *See Rosenboro v. Kim*, 994 F.2d 13, 18 (D.C. Cir. 1993). Thus, the Court "must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Still, "the governing law mandates generosity in evaluating the eligibility of a claim for federal jurisdiction." *See Rosenboro*, 994 F.2d at 290. Because this issue has not previously been raised during this litigation and it is conceivable that further allegations could remedy the present jurisdictional defects, the Court will give Plaintiff a chance to file a complaint that cures them.

For all the above reasons, it is hereby

**ORDERED** that Plaintiff's Second Amended Complaint, ECF No. 32, is **DISMISSED** for lack of subject-matter jurisdiction. It is further

**ORDERED** that Plaintiff shall file any amended complaint by April 19, 2023. It is further

**ORDERED** that Defendants' motions to dismiss Plaintiff's Second Amended Complaint, ECF Nos. 33, 35, are **DENIED AS MOOT**. It is further

**ORDERED** that the parties' Joint Motion for a Status Conference, ECF No. 25, is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 20, 2023